{¶ 72} Child rape cases are of paramount importance. A child has alleged that an adult has committed terrible and unthinkable sexual acts with her. If true, a conviction and prison term is justified to protect potential victims and deter future offenses. However, if the allegations are untrue, an innocent individual may be sent to prison for the rest of his life. For this reason, it is essential that the trial court strictly adhere to the Rules of Evidence designed to afford both the accused and the victim a fair trial. Therefore, I respectfully dissent, because I believe inadmissible hearsay statements admitted into evidence in this trial constitute reversible error.
 {¶ 73} Defense counsel properly objected to the hearsay testimony of the doctor and the nurse regarding the statements made by the child in this "interview room." These statements were not made for the purposes of medical diagnosis or treatment. Rather, as candidly admitted by Dr. Dodgson, the whole purpose of the questioning was to bolster the case of the prosecutor. The trial court erred by permitting this inadmissible testimony. In addition, it should be noted that defense counsel filed a motion in limine to exclude any hearsay statements, and specifically requested the court to exclude the child's statements in this "interview room." The trial court granted the motion with regard to hearsay statements with no hearsay exception, but denied the motion for statements that are not hearsay or for which there is an exception.
 {¶ 74} This court has addressed a nearly identical issue in Statev. Demetris.[4] In Demetris, this court held that statements from a doctor as to what a child said in this "interview room" were inadmissible if they were not made for the purposes of medical diagnosis or treatment.[5] However, in Demetris, unlike the case sub judice, there was no objection to the doctor's testimony. Thus, this court had to review the hearsay statement under an ineffective assistance of counsel analysis due to defense counsel's failure to object. Accordingly, this court needed to find that prejudice occurred.[6] In order to find that prejudice occurred, the defendant needed to prove that there existed a reasonable probability that the results of the trial would have been different without counsel's errors.[7] This court found that the defendant had failed to demonstrate prejudice because: the defense admitted an exhibit with identical hearsay language; the victim testified to the events; and there was physical evidence to corroborate the victim's testimony.[8]
 {¶ 75} The main distinction between State v. Demetris and the case sub judice, is that in the case sub judice defense counsel objected to the inadmissible hearsay statements of the doctor and the nurse. Therefore, the burden is not on appellant to show that the results of the trial would have been different without an error on behalf of defense counsel. Rather, in order to affirm the conviction, the error needs to be found to be harmless beyond a reasonable doubt.
 {¶ 76} "As noted by the United States Supreme Court, hearsay violates the Confrontation Clause of the United States Constitution unless it comes within a firmly rooted exception or contains other indicia of reliability.[9] Thus, any error in admitting this hearsay would be constitutional error. In order to find constitutional error harmless, this court must find beyond a reasonable doubt that the error did not contribute to the verdict.[10]."[11]
 {¶ 77} Thus, in order to find the error harmless, this court must find, beyond a reasonable doubt, that the testimony of the doctor and the nurse did not contribute to the jury's decision to find appellant guilty. I cannot make this finding. The allegations of the child were continuously repeated before the jury, with no legitimate way for defense counsel to challenge their veracity. In addition, this inadmissible hearsay testimony, relayed to the jury through the testimony of medical professionals, created an inference that these professionals validated the child's version of the events.
 {¶ 78} Although there was no objection to the testimony of the social worker, her inadmissible testimony rises to the level of plain error when totaled with the other instances of complete disregard of the Rules of Evidence. Three adults, all professionals, testified that this child was raped. Their testimony was offered solely to prove the truth of the matter asserted, i.e., that appellant had raped the child. These hearsay statements do not fall within a recognized hearsay exception, including Evid.R. 803(4).
 {¶ 79} A review of the differing versions of the child's statements clearly demonstrates the potential for error that is inherent with hearsay statements. On the witness stand, the child testified that appellant touched her vagina and forced her to perform fellatio. The following versions of the events were told by persons who heard the child's interview. The social worker testified that the child indicated appellant touched her vagina and forced her to perform fellatio. The nurse testified that the child indicated appellant touched her vagina, performed cunnilingus on her, touched her vagina with his penis, touched her anus, and had anal intercourse with her. Finally, the doctor testified that the child indicated that appellant touched her vagina, forced her to perform fellatio, and attempted anal intercourse with her. The nurse was conducting the interview, and the doctor and social worker were watching the same interview via closed-circuit television, yet all three individuals gave differing versions of what the child said. This is the reason the Rules of Evidence prohibit hearsay statements.
 {¶ 80} My colleague, Judge Christley, also writes separately in this case. Although she also has concerns regarding the inadmissible hearsay statements, she ultimately agrees to affirm the judgment of the trial court, albeit with great reservation. One reason is her assertion that should a competent victim testify, the defendant has the opportunity to cross-examine her about the accuracy of the out-of-court statements. However, in this case, the child testified before the doctor, nurse, or social worker. Thus, the only way for defense counsel to have questioned the child regarding the accuracy of the testimony from these witnesses would have been to recall the child as a defense witness. Obviously, this would have potentially damaging effects on the defense's case, as it would appear defense counsel is trying intimidate the child and, at the very least, it would enable the child to restate her previous direct testimony regarding the improper conduct. This is not a practical remedy for the improper admission of inadmissible hearsay statements.
 {¶ 81} More importantly, the child in this case was questioned about the interview. She stated that she did not remember talking to anyone about the incident. She remembered going to see a doctor, but stated she did not tell the doctor about the alleged rapes. She later responded "yes" to a question of whether she told the truth when she was examined. In this case, the child denied speaking to the doctor about the alleged events and could not remember speaking to anyone else about the events. How, therefore, could defense counsel cross-examine her on the veracity of statements she does not remember making?
 {¶ 82} In short, appellant's Sixth Amendment right to confront witnesses was violated. He was denied the right to a fair trial due to the repetitive and cumulative nature of the inadmissible hearsay evidence. This error is far from harmless.
 {¶ 83} Additionally, I would like to voice my concern with the entire process used by the state. The child-victim was placed in a room with closed-circuit television. While in this interrogation chamber, the child was questioned about alleged sexual abuse. This facility has video equipment, and cases for Mahoning County are taped. However, as the result of an intentional decision, none of the interviews used for the investigation of Trumbull County crimes are recorded in any way. Thus, the defense never has an opportunity to know what was actually said by the child in this room or to what extent the child was prompted to give answers. And, as evidenced in the case at bar, the child's statements vary with each person relaying them.
 {¶ 84} Due to the improper admission of inadmissible hearsay evidence, I would reverse the judgment of the trial court and remand this matter for a new trial.
[4] State v. Demetris, 11th Dist. No. 2001-T-0025,2002-Ohio-3711.
[5] Id. at ¶ 63.
[6] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, following Strickland v. Washington (1984) 466 U.S. 668.
[7] Id. at paragraph three of the syllabus.
[8] State v. Demetris, at ¶ 67-68.
[9] White v. Illinois (1992), 502 U.S. 346, 356.
[10] Chapman v. California (1967), 386 U.S. 18, 24.
[11] State v. Johnson (1994), 71 Ohio St.3d 332, 339.